CRAWFORD v. THE STATE.

Indictment as follows: "The grand jurors," &c., "upon their oath, present that *John Crawford*, on," &c., "did then and there *usuriously* demand and receive of," &c., "a greater rate of interest than 6 *per cent. per annum*, to-wit, 8 *per cent. per annum*, on the sum of," &c.; and then charges that the defendant "did then and there unlawfully and *usuriously* demand and receive of," &c., "the usurious sum of," &c. The defendant objected to the indictment, that it did not aver that the illegal interest was *corruptly* taken. *Held*, that the objection is not valid; and that the criminal intent is clearly expressed in the word *usuriously*.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—This was an indictment substantially as follows:

The grand jurors, &c., upon their oath, present, that, *John Crawford* on, &c., at, &c., did then and there *usuriously* demand and receive of one *Jesse Stephens* a greater rate of interest than 6 *per cent. per annum*, to-wit, 8 *per cent. per annum*, on the sum of 261 dollars heretofore, to-wit, on, &c., loaned by said *Crawford* to said *Stephens*, and on which loan said *Crawford* on, &c., did, then and there, unlawfully and usuriously demand and receive of said *Stephens* the usurious sum of 20 dollars and 88 cents *per annum* on said loan—being 8 *per centum* thereon, and being an excess of 2 *per centum per annum* on said loan, &c., contrary to the form of the statute, &c.

Plea—not guilty. Cause submitted to the Court, and judgment for the state.

The defendant objects to the indictment, because it does not aver that the illegal interest was *corruptly* taken.

The lawful rate of interest is 6 *per cent. per annum*. R. S. 1843, p. 580.

The statute on which the indictment is founded is as follows: "If any person shall, either directly or indirectly, take, receive, reserve by contract or agreement, or accept in money, property, or thing in action, or secure in any note, bill, obligation, or security, any greater rate of interest than is allowed and authorized by law, upon any

loan or forbearance of any money, property, or thing in action, or is allowed and authorized by law, upon any debt, obligation, contract, or sum of money, shall, upon conviction thereof," &c. R. S. 1843, p. 582.

May Term, 1850.

TERCY
v.
STRAIN.

The statute last named does not, in describing the offence of usury, make use of the word *corruptly;* and we do not, therefore, think that the omission of that word, in the description of the offence in the indictment, is material. If it be deemed necessary that the indictment should expressly allege the defendant's criminal intent in taking the illegal interest, the indictment does, in our opinion, contain such an allegation. The indictment avers that the defendant "did, *usuriously*, demand and receive of one *Jesse Stephens* a greater rate," &c. The criminal intent is as clearly expressed by the word *usuriously* as it would have been had the word *corruptly* been used.

We are, therefore, of opinion that the objection made to the indictment is not well founded.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Julian*, for the plaintiff.

*D. Wallace*, for the state.

---

TERCY *v.* STRAIN.—In Error.

*J. W. Payne*, for the plaintiff.

*W. A. Porter*, for the defendant.